UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY J. RHINES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 10-6843 FFM<br><br>ORDER DISMISSING COMPLAINT<br>WITHOUT PREJUDICE |

　　　Plaintiff filed the Complaint herein on September 22, 2010. Thereafter plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge. 28 U.S.C. § 636(c). On May 23, 2011, the Court granted the motion of plaintiff's counsel to withdraw as attorney of record. The Court thereafter, in response to a request by defendant, amended its Case Management Order to delete the requirement of a joint stipulation and to require cross motions for summary judgment. Pursuant to the amended order, plaintiff's motion for summary judgment was due on or before 60 days after defendant filed his answer and lodged the administrative record. Defendant filed his answer and lodged the administrative record on June 2, 2011. Therefore, the last day for plaintiff to file her motion for summary judgment was August 1, 2011.

///

///

As of August 22, 2011, plaintiff had neither filed a motion for summary judgment nor requested additional time within which to do so.  Therefore, the Court issued an Order to Show Cause ordering plaintiff to show cause why the action should not be dismissed for failure to prosecute.  Plaintiff has not responded to the Order to Show Cause.

## DISCUSSION

This action should be dismissed without prejudice.  Plaintiff has not filed a response to the Order to Show Cause or a motion for summary judgment in compliance with the Court's Order, and has not requested an extension of time to do either.  The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and/or failure to comply with a Court order.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962); Fed. R. Civ. P. 41(b).

In *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *See Carey*, 856 F.2d at 1440.

Here, the Court finds that the first, second and fifth *Carey* factors militate in favor of dismissal.  As a result of plaintiff's failure to comply with this Court's orders, this action has been and will continue to be stalemated.  Moreover, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. While the Court finds that the third and fourth *Carey* factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

///

**IT THEREFORE IS ORDERED THAT** Judgment be entered dismissing this action without prejudice.

DATED: September 15, 2011

                                                 /S/ FREDERICK F. MUMM
                                                 FREDERICK F. MUMM
                                                 United States Magistrate Judge